UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 14-186 (PAM/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Michael Anthony Lindsey, | |
| Defendant. | |

This matter is before the Court on Defendant's Objections to the Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham dated August 8, 2014, which recommends denying Defendant's Motion to Suppress Search and Seizure Evidence and Defendant's Motion for a Franks Hearing.

The Court reviews de novo a magistrate judge's decisions on dispositive issues. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). The Court's review of nondispositive matters is limited to determining whether the Order is clearly erroneous or contrary to law. D. Minn. L.R. 72.2(a). Having conducted that review, the Court denies the objections and affirms the R&R. Because the parties do not contest the underlying facts as stated in the R&R,[1] the Court will not repeat those facts here.

Defendant raises three challenges to the R&R. First, he argues that the R&R erroneously concluded that the search of his vehicle was lawful as a search incident to arrest.

---

[1] Defendant disputes one fact as stated in the R&R, and the Government acknowledges that the R&R misstated a portion of the record. That factual issue is discussed in more detail below.

Second, he contends that the automobile exception did not apply to render the search of his vehicle constitutional. And finally, he maintains that the R&R applied the incorrect legal standard in evaluating his request for a hearing under Franks v. Delaware, 438 U.S. 154 (1978).

**A.    Lawfulness of the Search**

As the R&R noted, there are two relevant exceptions to the general rule that warrantless searches are unconstitutional: the exception for searches incident to arrest, and the automobile exception. See United States v. Davis, 569 F.3d 813, 816 (8th Cir. 2009). The R&R found the search here lawful under both exceptions. (R&R at 8-9.) But if the search is lawful under one exception, the Court need not examine whether it is lawful under any other exceptions. See United States v. Webster, 625 F.3d 439, 445 (8th Cir. 2010) ("Warrantless searches need only be justified by one exception to the Fourth Amendment warrant requirement.").

Defendant is correct that the Supreme Court foreclosed application of the search-incident-to-arrest exception unless "the arrestee is within reaching distance of the passenger compartment or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Arizona v. Gant, 556 U.S. 332, 351 (2009). Defendant was not within reaching distance of his vehicle at the time of the search, nor could the officers reasonably have believed that the vehicle contained evidence of the crime for which they arrested Defendant: felony fleeing in a motor vehicle. Thus, the search-incident-to-arrest exception does not apply.

But as the R&R concluded, the search was lawful under the automobile exception. "Under the automobile exception, officers may search a vehicle without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity." United States v. Cortez-Palomino, 438 F.3d 910, 913 (8th Cir. 2006). As Officer Swierzewski testified, dispatch told him that a vehicle matching the description of Defendant's vehicle had fired a gun at a person in a parked car. Moreover, after the officers stopped Defendant's vehicle, he refused to show his hands and exit the vehicle and instead made furtive movements inside the vehicle. Thus, although officers ultimately arrested Defendant for another offense, they had probable cause to believe that he was involved in the shooting incident and had more than sufficient probable cause to believe that evidence of that crime would be found in the vehicle.

Because the search was lawful under the automobile exception, the warrant issued for Defendant's DNA and the warrant that allowed a full search of his vehicle were likewise supported by probable cause.

**B.      Franks Hearing**

Defendant argues that the Magistrate Judge erred in refusing to hold a hearing to determine whether the affidavit for the warrant to search his vehicle contained factual misrepresentations and omissions. The R&R correctly discussed the standard for holding such a hearing, including that the alleged false statements and omissions must be material to the finding of probable cause. (See R&R at 11 (citing United States v. Oleson, 310 F.3d 1085, 1090 (8th Cir. 2002)).)

3

Defendant contends that the affidavit was constitutionally suspect because it did not refer to a second 911 call that stated the shooter was a person in a blue Chevrolet—Defendant's car is a tan Buick LeSabre—and that the blue Chevy contained two people, while Defendant was the sole occupant of his vehicle. According to Defendant, the R&R mistakenly did not evaluate whether the affiant's omission of this information was reckless, but rather focused on whether the omission was intentional. In addition, Defendant correctly argues that the R&R mischaracterized the affidavit as including a statement that dispatch told the arresting officers that one of the 911 callers told dispatch that the caller saw the officers following the car involved in the shooting. (R&R at 13.) The affidavit did not contain this statement.

The R&R applied the correct legal standard in evaluating the affidavit here: whether the misrepresentations or omissions were either intentionally false or made with a "reckless disregard for the truth." Franks v. Delaware, 438 U.S. 154, 171 (1978); see also R&R at 12 (stating that, "[e]ven if these omissions were material and made intentionally or recklessly . . ."). And the R&R correctly concluded that, even if the affiant intentionally or recklessly omitted information from the affidavit, that information did not negate the existence of probable cause for the warrant. See, e.g., Franks, 438 U.S. at 171-72 ("[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant to support a finding of probable cause, no hearing is required."). The warrant affidavit contained sufficient factual content to support the judge's conclusion that probable cause existed.

Nor is the R&R's conclusion in this regard suspect because of the factual mischaracterization noted above. This fact is only one of many that supported probable cause for the issuance of the warrant, and the R&R's conclusion in this regard did not rest solely on the alleged inclusion of this fact in the warrant affidavit. Even without this fact, Magistrate Judge Graham would have determined that no Franks hearing was required, and that determination would have been, and is, correct.

**CONCLUSION**

Both the initial search of Defendant's vehicle and the searches conducted pursuant to the warrants are constitutionally sound, and the R&R did not err in refusing to conduct a Franks hearing.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Docket No. 35) is **ADOPTED**;

2. Defendant's Motion to Suppress Search and Seizure Evidence (Docket No. 15) is **DENIED**; and

3. Defendant's Motion for a Hearing Pursuant to Franks v. Delaware (Docket No. 29) is **DENIED**.

Dated:  August 28, 2014

                                             *s/Paul A. Magnuson*
                                             Paul A. Magnuson
                                             United States District Court Judge