UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                   Crim. No. 14-186 (PAM/JJG)

                Plaintiff,

v.                                                                      **MEMORANDUM AND ORDER**

Michael Anthony Lindsey,

                Defendant.

---

This matter is before the Court on the parties' Motions in Limine.

**A.   Defendant's Motions**

In two Motions, Defendant asks the Court to exclude certain evidence: (1) evidence of the drive-by shooting incident that precipitated the police chase ending in Defendant's arrest, (2) any suggestion that the gun found in Defendant's car was stolen, and (3) evidence or suggestion that the shot casings and bullets found both at the scene of the drive-by shooting and in Defendant's car match the gun found in the car.  The Government opposes the Motion as to the first category of evidence and has also indicated its intent to offer testimony regarding the shot casings and bullets matching the gun.  It therefore appears that the Government will not be presenting evidence or other testimony regarding whether the gun at issue had been previously stolen.  This portion of the Motion is therefore denied without prejudice to further argument regarding the propriety of such evidence at trial.

   **1.   Shooting Incident**

Evidence of other crimes or bad acts is generally not admissible. United States v. Moore, 735 F.2d 289, 292 (8th Cir. 1984); Fed. R. Evid. 404(b)(1). One of the exceptions to this rule permits the "introduction of evidence of other criminal activity for the purpose of providing the context in which the crime occurred, i.e., the res gestae." Moore, 735 F.2d at 292. In felon-in-possession cases the scope of the res gestae includes "the events immediately preceding the defendant's arrest as well as circumstances of the arrest itself." United States v. LaDue, 561 F.3d 855, 858 (8th Cir. 2009). These acts are so "inextricably intertwined with the charged crime" that they are "not extrinsic" and do not implicate Rule 404(b)'s prohibition on bad-act evidence. Id.

This case is factually similar to LaDue. In that case, a police officer was responding to a "shots fired" call. LaDue, 561 F.2d at 857. As the officer approached the area, he observed LaDue running across the street. Id. The officer pursued LaDue and found him hiding behind a parked car in a nearby driveway. Id. The officer arrested LaDue and recovered a gun under the car. Id. LaDue was eventually charged with unlawful possession of a firearm. Id. The Eighth Circuit held that the officer's testimony regarding the reason for the police call and subsequent foot chase was res gestae because it provided the jury with "proper context" to understand the officer's actions. Id. at 858. The court also reasoned that precluding this testimony might have "confused or misled" the jury. Id.

As in LaDue, the officers in this case were responding to a "shots fired" call. They observed a car matching the suspect's vehicle description speeding away from the scene. After a chase, the officers stopped the vehicle, detained Defendant, and searched the vehicle. The evidence related to the shooting incident explains why the officers were present, why the officers followed Defendant's car, and why the officers ultimately stopped the car. The shooting-incident evidence also explains the officers' behavior when arresting Defendant. Because the shooting immediately preceded Defendant's arrest, evidence about the shooting provides the jury with context for the felon-in-possession charge. Defendant's Motion on this point is denied.

### 2. Matching Casings/Bullets to Weapon

Similarly, Rule 404(b) allows the Government to introduce evidence regarding the shot casings and bullets found at the scene of the shooting and in Defendant's car. The Government must establish that Defendant knowingly possessed the gun found in his car. 18 U.S.C. § 924. Evidence that a bullet found at the shooting scene was fired from the gun found shortly thereafter in Defendant's car is relevant to establish that Defendant knew there was a gun in his car. The use of that weapon, established through testimony linking the shell casings and bullets to the weapon, is relevant to whether Defendant knowingly possessed it. United States v. Tate, 821 F.2d 1328, 1331 (8th Cir. 1987). Defendant's Motion on this point is denied.

**B.     Government's Motions**

The Government asks for permission to introduce evidence regarding the shooting incident, and also asks that the Court preclude Defendant from presenting an intoxication defense and from presenting the testimony of any expert witness whose testimony was not previously disclosed to the Government. As discussed above, Defendant opposes the introduction of evidence regarding the shooting incident. The Court has determined that such evidence is admissible and will not repeat that analysis here. Defendant has not responded to the other two bases for the Government's Motion, and thus apparently does not intend to offer either type of evidence at trial. The Court will deny the Government's Motions regarding these types of evidence without prejudice to allow the parties to present argument about those issues at trial, if necessary.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motions (Docket Nos. 32, 46) are **DENIED**; and

2. The Government's Motions (Docket Nos. 43, 48) are **GRANTED** as to evidence of the shooting incident and **DENIED without prejudice** as to the voluntary intoxication defense and Defendant's presentation of expert witness testimony.

Dated: <u>November 13, 2014</u>

<u>s/ *Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge