UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,           Crim. No. 14-186 (PAM/HB)
         Civ. No. 17-2089 (PAM)
      Plaintiff,

v.           **MEMORANDUM AND ORDER**

Michael Anthony Lindsey,

      Defendant.

---

This matter is before the Court on Defendant Michael Anthony Lindsey's Motion to Vacate under 28 U.S.C. § 2255, Motion to Amend the Motion to Vacate, and a purported amended Motion to Vacate. Because Lindsey is not entitled to any relief under § 2255, his Motions to Vacate are denied.

**BACKGROUND**

In November 2014, a jury convicted Lindsey of being a felon in possession of a firearm. (Docket No. 73.) The presentence investigation report found, and Lindsey did not dispute, that he had been convicted of at least three prior violent felonies and thus was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Pursuant to the ACCA, Lindsey faced a mandatory minimum sentence of 180 months' imprisonment, but because of his extensive criminal history, his status as an armed career criminal, and the fact that his conviction involved the use of a firearm in connection with another crime of violence, Lindsey's sentencing guidelines range was much higher—262 to 327 months' imprisonment. The Court sentenced Lindsey to 262 months. (Docket No. 90.)

Lindsey appealed, arguing that the Court erred in not requiring the Government to prove the fact of his prior convictions for purposes of establishing his criminal history, and also that a conviction for second-degree assault in Minnesota is not a violent felony under the ACCA. United States v. Lindsey, 827 F.3d 733, 734 (8th Cir. 2016). The Eighth Circuit affirmed Lindsey's sentence.

Lindsey now moves to vacate his sentence. He argues first that his counsel was ineffective for failing to timely object to the fact of his prior convictions and failing to call witnesses at a suppression hearing. He also contends that his counsel was ineffective for not request relief under the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), which according to Lindsey means that one of his prior assault convictions cannot be an ACCA predicate offense. Lindsey's third ground contends again that one of his prior convictions was not an ACCA predicate and it was ineffective for his counsel not to investigate and challenge this conviction. Ground Four asserts that the Government withheld a firearm worksheet that was allegedly exculpatory, in violation of Brady v. Maryland, 373 U.S. 83 (1983). Finally, Lindsey's fifth ground raises two issues: an alleged speedy trial violation because he was in custody for 63 days before he was federally charged, and that the evidence used to convict him was inadmissible. (See Docket No. 116.) Lindsey's purported amendment adds a claim that his counsel was ineffective for not investigating his case fully, and in particular for not investigating prior contact Lindsey had with the arresting officer in his case. (Docket No. 129.) Lindsey believes that if his attorney had fully investigated his prior contacts with the arresting

officer, he would have argued to the jury that the officer planted the gun found in Lindsey's car. (Id. at 6.)

The Government filed an opposition to the original Motion to Vacate (Docket No. 118) and Lindsey filed a reply (Docket No. 125), in addition to a Motion to Amend (Docket No. 126) and an Amended Motion (Docket No. 129).

**DISCUSSION**

To prove ineffective assistance of counsel, Lindsey must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." United States v. Auman, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  The performance prong of the effective-assistance inquiry requires a showing "that counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  "Prejudice" requires a reasonable probability that the result of the proceeding would have been different but for counsel's errors.  York v. Lockhart, 856 F.2d 61, 63 (8th Cir. 1988).

None of Lindsey's allegations of ineffective assistance rise to the level of constitutionally ineffective assistance.  First, had Lindsey's lawyer put the Government to its proof with respect to Lindsey's prior convictions, there is no dispute that the Government could have proved those convictions.  Counsel was not ineffective for not forcing the Government to put on immaterial evidence at Lindsey's sentencing hearing. And Lindsey does not specify what witnesses counsel should have called at the

suppression hearing, or how any such testimony would have changed the outcome of his suppression motion. He has not established the allegations in Ground One.

Lindsey's second and third grounds concern his 1996 second-degree assault conviction. Lindsey argues that he is entitled to relief under Mathis. According to Lindsey, the 1996 conviction was a juvenile conviction that did not qualify as a violent felony under the ACCA. But Mathis, to the extent it is applicable at all, has not been made retroactive to cases on collateral review, and thus affords Lindsey no relief. See Davis v. United States, No. 1:08CR74, 2017 WL 1477126, at *2 (E.D. Mo. Apr. 25, 2017) ("[S]everal courts have held that . . . Mathis [is] not retroactively applicable to cases on collateral review.") (citing Dawkins v. United States, 829 F.3d 549 (7th Cir. 2016); In re Thomas, 823 F.3d 1345 (11th Cir. 2016); Ezell v. United States, 778 F.3d 762 (9th Cir. 2015)).

More importantly, however, Lindsey is incorrect about his 1996 conviction. Although he was a juvenile when he committed that assault, he was not convicted or sentenced as a juvenile. Rather, he was sentenced under Minnesota's extended juvenile jurisdiction ("EJJ"), which imposes a temporarily stayed adult sentence that may be converted to a juvenile adjudication if the offender commits no further crimes. Minn. Stat. § 260B.130, subd. 4. Lindsey did not comply with his probation and thus his probation was revoked and his adult sentence was executed. His 1996 conviction is not a juvenile adjudication for purposes of the ACCA. See United States v. Nash, 627 F.3d 693, 696 (8th Cir. 2010) (holding that "an EJJ adjudication followed by the revocation of

probation and execution of an adult sentence" is "an adult conviction of a violent felony and thus is a predicate offense under the ACCA").

Thus, it was not ineffective assistance for Lindsey's counsel to fail to investigate Lindsey's 1996 conviction, as Lindsey alleges in Ground Three. Similarly, Lindsey has not established the allegations in his fourth ground. The failure to disclose an internal firearms worksheet simply did not prejudice him in any way. And Lindsey's fifth ground also fails. The fact that Lindsey was in state custody for 63 days has no bearing on Lindsey's federal speedy trial rights. And having presided over Lindsey's trial, the Court is satisfied that the Assistant United States Attorney did not state or even imply anything remotely approaching vouching for a witness's credibility in the way Lindsey alleges.

Finally, the additional ground Lindsey presses in his amended pleading has no merit. Lindsey's conspiracy theory notwithstanding, there was no indication that the police officers involved planted evidence. Rather, the evidence of Lindsey's guilt was overwhelming, from eyewitness testimony regarding the shots he fired from his vehicle, to his failure to stop when the officers attempted to pull him over, to the furtive movements he made while in his vehicle after the police successfully stopped him. Lindsey cannot establish that his counsel's performance was in any way ineffective.

Because the record conclusively refutes Lindsey's allegations, an evidentiary hearing is not necessary. 28 U.S.C. § 2255(b). Nor is Lindsey entitled to a certificate of appealability on his claims. A certificate of appealability is available only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Lindsey's claims are not debatable, nor do they deserve encouragement to proceed further.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion for Mathis Relief (Docket No. 114) is **DENIED**;

2. Defendant's Motion to Vacate (Docket No. 115) is **DENIED**;

3. Defendant's Motion to Amend/Correct (Docket No. 126) is **GRANTED**;

4. Defendant's Amended/Supplemental Motion for Relief (Docket No. 129) is **DENIED**; and

5. No certificate of appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY** in Civ. No. 17-2089.

Dated:  December 5, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge