UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                          Crim. No. 14-186 (PAM/HB)

            Plaintiff,

v.                                                                      **ORDER**

Michael Anthony Lindsey,

            Defendant.
_____

       This matter is before the Court on Defendant Michael Anthony Lindsey's Motions for Compassionate Release under the First Step Act. Lindsey asserts that he has underlying health conditions that make him susceptible to complications from COVID-19 and asks the Court to order the BOP to release him to supervised release or to home confinement. For the following reasons, the Court denies the Motions.

**BACKGROUND**

       In November 2014, a jury convicted Lindsey of being a felon in possession of a firearm. (Docket No. 73.) Because Lindsey had been convicted of at least three prior violent felonies, he was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Indeed, because of Lindsey's extensive criminal history, he faced a much longer sentence than the 180-month ACCA mandatory minimum. His sentencing guidelines range was 262 to 327 months' imprisonment, and the Court sentenced him to 262 months. (Docket No. 90.) He has served approximately 80 months, or less than one-third, of that sentence, and is currently scheduled for release in February

2033. He is serving his sentence at the United States Penitentiary in Victorville, California ("USP Victorville").

Lindsey initially filed a pro se Motion for compassionate release and a motion seeking the appointment of counsel to assist him in filing such a motion. (Docket Nos. 162, 163.) The Court appointed counsel (Docket No. 165), who filed a renewed Motion for Compassionate Release on October 29, 2020. (Docket No. 179.) The Government opposes the Motion. (Docket No. 183.)

**DISCUSSION**

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." Id. § 3582(c)(1)(A)(i). Such reasons include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). Lindsey alleges that he suffers from stage three kidney disease and hypertension, making him susceptible to severe complications from COVID-19.

Lindsey submitted a request for compassionate release to the Warden of his facility, who has yet to rule on the request. Because more than 30 days have passed, Lindsey has sufficiently exhausted available administrative remedies under the First Step Act, and this Court has jurisdiction to consider his Motion. See 18 U.S.C. § 3582(c)(1)(A). According to the BOP, there are currently seven active cases of COVID-19 among the inmates at USP Victorville, and seven active cases among staff. Federal Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/ (last visited Nov. 17, 2020).

Lindsey is correct that individuals suffering from kidney disease may be at increased risk of severe complications from COVID-19.  See Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 17, 2020).  But Lindsey has already tested positive for COVID-19, experienced no symptoms of the disease, and has now fully recovered.  It does not appear that his risk factors caused him to suffer any complications from COVID-19.  While it remains an open question whether a bout of COVID-19 confers longstanding immunity from future infections, Lindsey's experience with the virus shows that it was not particularly serious for him despite his underlying health issues.

The First Step Act provides for an inmate's release when he has health conditions that "substantially diminish" his ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).  Lindsey's kidney disease, even in combination with COVID-19, did not substantially diminish his ability to care for himself, and he has not established that he is likely to be unable to care for himself in the future.

Moreover, the Court must consider the sentencing factors under 18 U.S.C. § 3553(a) in determining whether compassionate release is warranted.  The Court acknowledges Lindsey's difficult childhood and struggles with addiction, but also recognizes that Lindsey is a career offender for whom previous periods of incarceration have not acted as a

3

deterrence to further violent behavior. Moreover, Lindsey has repeatedly refused to take responsibility for his actions. Releasing Lindsey after only 80 months' imprisonment creates unwarranted sentencing disparities with other individuals who commit similarly serious crimes and would not serve the purposes of sentencing. Lindsey has failed to establish that "extraordinary and compelling reasons" mandate the Court's reconsideration of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motions for Compassionate Release (Docket Nos. 162, 179) are **DENIED**.

Dated:  November 19, 2020

                                       *s/Paul A. Magnuson*
                                       Paul A. Magnuson
                                       United States District Court Judge