UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 14-186 (PAM/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Michael Anthony Lindsey, | |
| Defendant. | |

This matter is before the Court on Defendant Michael Anthony Lindsey's letter requesting permission to file another motion challenging his sentence. (Docket No. 276.) The Court restricted Lindsey's filing privileges in September 2022 due to his history of meritless filings in this case. (Docket No. 255.) The Court of Appeals affirmed that restriction (Docket No. 265), and Lindsey remains restricted from filing a motion absent assistance of counsel or prior permission of the Court.

Here, Lindsey asks the Court to reconsider its previous decision denying his request to file a successive motion for compassionate release. (Docket Nos. 274–76.) In his letter, Lindsey clarifies that his claim centers on allegations of sexual assaults that took place during his incarceration in 2016 and 2018, rather than during his childhood, as the Court understood from Lindsey's previous letter. Thus, the Court recognizes that Lindsey seeks permission to file a motion under the First Step Act due to amendments to United States Sentencing Guidelines, which became effective on November 1, 2023. U.S.S.G. § 1B1.13.

United States Sentencing Guideline § 1B1.13(b)(4) allows for compassionate release, or a reduction in sentence, for defendants who are the victims of sexual abuse or a physical abuse resulting in serious bodily injury, ". . . that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant." Id. § 1B1.13(b)(4). "[T]he misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed, or the defendant is in imminent danger." Id.

Lindsey does not contend that his alleged assailants were criminally convicted or found liable in any proceeding, nor that any such proceeding is delayed. Given that Lindsey describes that the assaults occurred years ago and that he reported them, any civil or criminal proceeding would have already taken place. Likewise, Lindsey does he claim to be in imminent danger. Lindsey, therefore, has not established that the alleged assaults satisfy § 1B1.13(b)(4) to merit another opportunity for him to move for compassionate release.

Moreover, Lindsey could have raised this issue in April 2024, when he sought permission to file a successive motion for compassionate release under different amendments to the Sentencing Guidelines, which also became effective on November 1, 2023. (See Docket No. 272.) Thus, Lindsey has waived this argument.

In any event, although the First Step Act created an exception for the type of claim that Lindsey seeks to bring, the instant request for relief is part and parcel of the

numerous claims that he has raised in his various attempts to challenge his conviction. Indeed, Lindsey undoubtedly could have raised this claim earlier in his many filings.

The Court reminds Lindsey of the filing restrictions previously imposed. Accordingly, the Clerk of Court is directed not to docket any documents that Lindsey attempts to file as part of this case unless expressly authorized by a judicial officer to do so. The Court will review every document submitted but, unless authorized, the documents will be returned to Lindsey without comment, and the return will constitute a summary denial of any request for relief.

Accordingly, **IT IS HEREBY ORDERED that** Defendant Michael Anthony Lindsey's letter request (Docket No. 276) is **DENIED**.

Date: November 25, 2024         *s/ Paul A. Magnuson*
                                Paul A. Magnuson
                                United States District Court Judge